UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00014-GNS-LLK

MAKER'S MARK DISTILLERY, INC.                                                    PLAINTIFF

v.

SPALDING GROUP, INC., *et al.*                                                   DEFENDANTS

**OPINION & ORDER**

Chief Judge Greg N. Stivers referred this matter to U.S. Magistrate Judge Lanny King for resolution of all non-dispositive matters pursuant to Title 28, U.S.C. § 636(b)(1)(A). [DN 5]. Plaintiff Maker's Mark Distillery, Inc. filed a Motion for Protective Order [DN 107]. Defendants Spalding Group, Inc., and Theodore Jackson filed a response to the Motion. [DN 109]. As a result, the issue is now fully briefed and ripe for adjudication.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion [DN 107], but grants Plaintiff the ability to send separate counsel to attend in-person while she attend the relevant deposition remotely.

**BACKGROUND**

Plaintiff Maker's Mark moves for a Protective Order that Expert Disclosures Proceed Remotely. [DN 107]. Plaintiff argues that, in light of the COVID-19 pandemic and the shifting risk of infection, Defendants' deposition of Plaintiff's expert, Dr. Michael Einhorn, should be conducted virtually. [DN 107]. Plaintiff cites case law and publicly available data regarding the COVID pandemic and the relative risks of exposure and infection. [DN 107].

Defendants filed a response to that motion. [DN 109]. Defendants argue that the facts and circumstances of the instant case are distinguishable from the cases Maker's Mark cited and that

the district court where the deposition is to take place has mandated in-person proceedings, only to be abrogated by exception. The Court, while sympathetic to Plaintiff's claim, is persuaded by Defendants' argument, and therefore elects to require an in-person deposition. However, for the foregoing reasons, the Court, in its discretion, also elects to permit Maker's Mark to send an attorney to be physically present, and to allow Ms. Shannon T. Knight to attend fully remotely, mitigating her risk of contracting COVID.

## **LEGAL STANDARD**

Rule 26(c) generally permits a party from whom discovery is sought, after conferring in good faith with other affected parties, to move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The court may grant the motion to protect the moving party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* These protections include, *inter alia*, "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;" and "designating the persons who may be present while the discovery is conducted[.]" *Id.*, (B) & (E).

According to the Sixth Circuit, "District Courts have the discretion to issue protective orders, [but] that discretion is limited by the careful dictates of Fed. R. Civ. P. 26[.]" *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996). That discretion extends to various aspects of any Rule 26 inquiry. *Baker v. Chevron U.S.A. Inc.*, 533 F. App'x 509, 520 (6th Cir. 2013) (quoting *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) ("'District courts have broad discretion to exclude untimely disclosed expert-witness testimony,' particularly when these reports serve as a 'transparent attempt to reopen the *Daubert* inquiry after the weaknesses in the expert's prior testimony have been revealed.'"); *Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982) ("[T]he decision as to access is one best left to the sound

discretion of the trial court."). The Court has discretion to determine the best mechanism by which to conduct discovery proceedings and may, for good cause, alter a traditional mechanism if the Court believes such an alteration would create an expedient and judicious resolution.

Rule 30(b)(4) permits the Court, on motion order, to instruct that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Other district courts have held that "generally 'an examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.'" *Jacobs v. Floorco Enterprises, LLC*, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *14 (W.D. Ky. Mar. 18, 2020) (internal citation omitted). Because "a rule has 'evolved' such that 'in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.'" *Id.* Further, "district courts within the Sixth Circuit have considered the factors of cost, convenience, and litigation efficiency" in determining whether the requisite circumstances exist to overcome the general rule. *Schall v. Suzuki Motor of America, Inc.*, No. 4:14-cv-74-JHM, 2017 WL 5622498, at *4 (W.D. Ky. Nov. 21, 2017) (objections to magistrate judge's order overruled in *Schall v. Suzuki Motor of America, Inc.*, No. 4:14-cv-749-JHM, 2018 WL 283266, at *1 (W.D. Ky. Jan. 3, 2018)).

Given the Court's discretion to decide the location and mechanism by which depositions take place, the general predilection for the deposing party to travel to the witness' location, the Federal Rules express language granting this Court authority to prescribe a remote option when necessary, and the aforementioned considerations that this Court must take, (i.e., cost, convenience, and efficiency) in doing so, the Court's determination of how the deposition of Dr.

Michael Einhorn will take place must be based on the facts and circumstances of the case at hand.

## DISCUSSION

The COVID-19 pandemic's effect on litigation is evidenced in part by the parties' in the instant case' decision to conduct all but one deposition remotely. [DN 107-1 at 5]. These depositions, Maker's Mark argues, include several high-level officials from Maker's Mark, all of whom could presumably be called to testify at trial. *Id.* at 6. Maker's Mark further asserts that "[w]hen the parties initially began discussing expert depositions in December 2021, Maker's Mark made clear its position that expert depositions should similarly be conducted remotely in light of the continued dangers from the ongoing pandemic and, in particular, the heightened transmissibility of the current Covid strains." *Id.* Rather than agreeing to the request, Defendants "served a notice to take a videotaped deposition of Maker's Mark's damages expert, Dr. Michael Einhorn, in-person[.]" *Id.*

Maker's Mark argues that under Rule 26(c), 30(b), and caselaw interpreting each statute, "Courts may liberally grant leave to take remote depositions where (i) the moving party has a 'legitimate reason for the request for a remote deposition,' and (ii) there is no prejudice to the non-moving party." *Id.* at 6 (citing *In re Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, No. 5:18-MD-2809, 2020 WL 12814761 (E.D. Ky. Sept. 18, 2020). *Onglyza* is instructive insofar as it states that "Rule 30(b)(4) was created for legitimate situations where being in-person is not viable – and a global pandemic is just such a situation." *Onglyza*, 2020 WL 12814761, at **2-3. It is also instructive as it places the burden upon the moving party to establish the "legitimate reason" for conducting depositions remotely. *Id.* Upon

showing a legitimate reason, the burden then shifts to the nonmoving party to show precisely why a remote deposition would prejudice the nonmoving party. *Id.*

Here, Maker's Mark argues that "to avoid the risk of exposure to Covid-19, courts have ordered video depositions be conducted remotely[.]" [DN 107-1 at 7]. Maker's Mark cites multiple cases, all agreeing that the COVID pandemic warrants conducting depositions remotely. [DN 107-1 at 7 (citing *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y 2020); *Creekmur v. Lowe's Home Centers, LLC*, No. 3:20-CV-00270, 2021 WL 1518643 (W.D. Ky. Apr. 16, 2021); *Hines v. Safeco Ins. Co. of Am.*, No. 3:18-CV-00304, 2020 WL 5237525, at *5 (W.D. Ky. Sept. 2, 2020)]. Maker's Mark continues by arguing that "[u]nfortunately, the risks of being exposed to and infected by Covid have grown in the past few months and are still continuing to increase[.]" [DN 107-1 at 9]. Maker's Mark appreciates the adjustments the pandemic has forced the judicial system to make, however, Maker's Mark cited cases from the (thus far) height of the COVID pandemic.

Defendants highlighted that several of the cases cited by Maker's Mark involved depositions of foreign nationals, or circumstances distinguishable from the instant case. [DN 109 at 6-7]. Further, the Southern District of New York, the district in which the instant deposition will be taking place, issued an Order stating that "in-person presentments will resume" and mandated "attorneys and their clients are *expected* to appear in person." *See* Memorandum from the United States District Court for the Southern District of New York dated June 2, 2021 available at https://www.nysd.uscourts.gov/sites/default/files/2021-06/Resumption%20of%20In-Person%20Presentments.pdf. The parties have not presented, and this Court has not found a subsequent memorandum undoing that Order.

Additionally, Defendants pointed out that "Defendants are sympathetic to Ms. Knight's concerns … and have tried to provide alternative solutions to address her concerns." [DN 109 at 7]. Defendants volunteered that "(i) counsel for Defendants are 'fully vaccinated and boosted,' (ii) Defendants are willing to socially distance during the deposition, and (iii) Defendants' counsel 'will further inquire with the court reporters about whether the participants can wear masks and distance themselves as well.'" [DN 107-1 at 9].

This Court is also sympathetic to Ms. Knight's health concerns, and in an effort to strike a balance, has elected to allow the deposition to be conducted in-person, with the option for Ms. Knight to attend remotely if so desired. This arrangement, the Court believes, allows Defendant's counsel to depose the expert witness as they wish, and will not prohibit Plaintiff's counsel from properly defending that deposition.

**IT IS SO ORDERED:**

The **deposition of Dr. Michael Einhorn shall take place in-person**, in New York as requested by Defendants.

Defense counsel shall ensure that it exercises best efforts to abide by COVID-related protocol promises, as discussed earlier in this order, such as (i) counsel for Defendants are fully vaccinated and boosted, (ii) Defendants are willing to socially distance during the deposition, and (iii) Defendants' counsel will further inquire with the court reporters about whether the participants can wear masks and distance themselves as well.

**Counsel for Maker's Mark (namely, Ms. Shannon Therese Knight) is allowed to attend either remotely, or in-person**, in conjunction with any co-counsel for Maker's Mark.

cc: counsel of record

September 28, 2022

**Lanny King, Magistrate Judge**
**United States District Court**