**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| MAKER'S MARK DISTILLERY, PBC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:19-CV-14-GNS-LLK |
| | ) | |
| v. | ) | JUDGE GREG N. STIVERS |
| | ) | |
| SPALDING GROUP, INC. d/b/a ENGLISH | ) | MAGISTRATE JUDGE LANNY KING |
| EMPRISE AND TED'S CIGARS and | ) | |
| THEODORE JACKSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

### MAKER'S MARK'S RESPONSE TO DEFENDANTS' MOTION
### TO FILE CERTAIN MATERIALS PROVISIONALLY UNDER SEAL

Maker's Mark Distillery, PBC, for its Response to Defendants' Motion to File Certain Materials Provisionally Under Seal (Dkt. 145), states as follows:

1.      On June 29, 2023, one day before the parties' summary judgment briefs were due to be filed, counsel for Defendants emailed counsel for Maker's Mark regarding excerpts of certain documents Maker's Mark produced in discovery that Defendants intended to attach as exhibits to their summary judgment motion. Those documents included (i) excerpts of a transcript from an October 28, 2020 deposition of Maker's Mark's Rule 30(b)(6) representative (Dkt. 146-1), (ii) excerpts from an internal brand analysis and marketing report from 2019 (Dkt. 146-2), and (iii) excerpts from an internal brand analysis and marketing report from 2017 (Dkt. 146-3).

2.      Maker's Mark's initial review of those documents disclosed that they incorporated confidential information that had been provided by third parties to Maker's Mark and its related entities and that could be subject to confidentiality restrictions. Because Maker's Mark did not have sufficient time before the deadline for Defendants to file their summary judgment motion to

investigate any confidentiality restrictions applicable to those documents, Maker's Mark requested that Defendants move for leave to file those exhibits under seal.

3.      Upon further investigation, including communications with third parties at issue, Maker's Mark has determined that continued restrictions on the documents identified in Defendants' Motion to File Certain Materials Provisionally Under Seal, which were provisionally filed under seal in Dkt. 146, is not required.

For these reasons, Maker's Mark respectfully submits that the Court may deny Defendants' Motion to File Certain Materials Provisionally Under Seal in Dkt. 145.

Dated: July 21, 2023                          Respectfully submitted,

                                               /s/ *Shannon T. Knight*
                                              Peter M. Spingola (*pro hac vice*)
                                              Shannon T. Knight (*pro hac vice*)
                                              Suhani Mehrotra (*pro hac vice*)
                                              CHAPMAN SPINGOLA, LLP
                                              190 South LaSalle Street, Suite 3850
                                              Chicago, Illinois 60603
                                              pspingola@chapmanspingola.com
                                              sknight@chapmanspingola.com
                                              smehrotra@chapmanspingola.com

                                              -and-

                                              Douglas C. Ballantine
                                              Christopher E. Schaefer
                                              Chadler M. Hardin
                                              STOLL KEENON OGDEN PLLC
                                              500 West Jefferson Street, Suite 2000
                                              Louisville, Kentucky 40202
                                              douglas.ballantine@skofirm.com
                                              christopher.schaefer@skofirm.com
                                              chad.hardin@skofirm.com

                                              ***Counsel for Maker's Mark Distillery, Inc. n/k/a
                                              Maker's Mark Distillery, PBC***

## **<u>VERIFICATION</u>**

I, Shannon T. Knight, an attorney for Plaintiff, state under penalty of perjury that (i) I have read the foregoing Response, (ii) I have personal knowledge of the facts discussed in the Response, and (iii) the statements contained in the Response are true and correct to the best of my knowledge and understanding.

/s/ Shannon T. Knight

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon T. Knight, an attorney for Plaintiff, hereby certify that on July 21, 2023, I caused the foregoing document to be served on counsel of record by filing the same with the Court's CM/ECF system.

/s/ *Shannon T. Knight*